UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. K. DEAN; S. PASHA; M.D. S. ROBERTS; M. GLYNN; J. LEWIS; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES,<br><br>                              Defendant. | Case No.: 3:15-cv-02247-BEN-JLB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES AGAINST IMMUNE DEFENDANTS** |

**I.     Procedural History**

Raul Arellano ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (Doc. No. 2.)

The Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted.  (Doc. No.

3.)  Plaintiff was granted leave to file an amended pleading.  (*Id.*)  After receiving an extension of time, Plaintiff has now filed his First Amended Complaint ("FAC").  (Doc. No. 7.)

## II.     *Sua Sponte* Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A.     Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these statutes, the Court must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The "mere possibility of misconduct" falls short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.     Rule 8**

As an initial matter, the Court finds that Plaintiff's FAC fails to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (a)(2). In addition, "the pleading

standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff is also admonished that he must comply with Local Rule 8.2 which requires, in part, that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, must be legibly written or typewritten on forms supplied by the court" and "[a]dditional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled in to the extent applicable." S.D. Cal. CivLR 8.2(a). Here, Plaintiff filed portions of the approved form complaint but added more than thirty (30) single-spaced handwritten pages, which well exceeds the number of pages permitted by the local rule.

### D. Inadequate Medical Care Claims

The Court finds that Plaintiff has failed to state a plausible Eighth Amendment claim against any of the named Defendants. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-04). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find

important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Plaintiff alleges to suffer from a seizure disorder, as well as suffering nerve damage from head trauma arising from an incident in November 2011. (FAC at 6.) The Court finds these allegations sufficient to plead an objectively serious medical need. *McGuckin*, 914 F.2d at 1059.

However, even assuming Plaintiff's medical needs are sufficiently serious, his FAC still fails to include sufficient "factual content" to show that any Defendant acted with "deliberate indifference" to his needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Once again, Plaintiff alleges in his FAC that various medical personnel at RJD have prescribed medication for his condition which he claims is not as helpful as a medication he was previously prescribed.[1] Plaintiff also claims that he has been wrongfully denied "therapeutic shoes" that he alleges he requires for his medical condition.[2] Plaintiff then filed a number of grievances and seeks to hold liable the Defendants who responded to these grievances. In these grievances, Defendants Roberts,

---

[1]  Plaintiff has made almost identical claims, with different dates and individuals, in at least four other actions. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). *See Arellano v. Officer Hodge, et al.*, S.D. Cal Civil Case No. 3:14-cv-00590-JLS-JLB; *Arellano v. Sedighi, et al.*, S.D. Cal. Civil Case No. 3:15-cv-02059-AJB-BGS; *Arellano v. Milton, et al.*, S.D. Cal. Civil Case No. 3:15-cv-02069-JAH-NLS; *Arellano v. Self, et al.*, S.D. Cal. Civil Case No. 3:15-cv-02300-AJB-JMA.

[2]  Plaintiff makes the identical claim in *Arellano v. Officer Hodge, et al.*, S.D. Cal Civil Case No. 3:14-cv-00590-JLS-JLB.

1  Lewis, and Glynn agreed with the course of treatment that Plaintiff was receiving and
2  declined to direct that Plaintiff be prescribed the medication of his choice. Moreover,
3  Plaintiff admits that he is "not sure" if Defendant Dean "upgraded his pain medication."
4  (FAC at 22.)

5      In addition, Plaintiff claims that he has been denied adequate mental health
6  treatment and has had suicidal thoughts. (*See* FAC at 21-22.) While this too alleges a
7  serious mental health need, his FAC is devoid of any facts that he was ever denied mental
8  health treatment nor does he allege that any of the named Defendants were even aware
9  that he was suffering from mental health issues.

10      While Plaintiff concludes Defendants acted with "deliberate indifference" by
11  failing to prescribe the medication he believed was appropriate, his FAC lacks the
12  "further factual enhancement" that demonstrates any Defendant's "purposeful act or
13  failure to respond to [his] pain or possible medical need," and any "harm caused by [this]
14  indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v.*
15  *Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is
16  because to be deliberately indifferent, Defendants' acts or omissions must involve more
17  than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012)
18  (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of
19  opinion between a physician and the prisoner—or between medical professionals—
20  concerning what medical care is appropriate does not amount to deliberate indifference."
21  *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989));
22  *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that
23  the course of treatment the doctor[] chose was medically unacceptable under the
24  circumstances and that the defendant[] chose this course in conscious disregard of an
25  excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations
26  omitted).

27      Plaintiff seeks to hold Defendant Pasha, a Nurse Practitioner, liable because she
28  agreed with the course of treatment prescribed just one month prior by Doctor Dean.

1  (FAC at 23-24.)  Plaintiff acknowledges that Defendant Pasha may not have had the
2  authority to change his medication but she "could have arranged" for Plaintiff to see a
3  "doctor in an emergency."  (*Id.* at 24.)  However, this is merely a difference in opinion
4  about the proper course of treatment and does not rise to the level of "deliberate
5  indifference."  *Snow*, 681 F.3d at 987.
6     Plaintiff's FAC contains no facts sufficient to show that any of his doctors or other
7  medical officials acted with deliberate indifference to his plight by "knowing of and
8  disregarding an[y] excessive risk to his health and safety."  *Farmer v. Brennan*, 511 U.S.
9  825, 837 (1994).

### E. Fourteenth Amendment Claims

To the extent Plaintiff intends to hold Defendants liable for the manner in which they responded to his administrative grievances, he has failed to state a claim.  While the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, to state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that prisoners have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance

procedure")).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  *Mann*, 855 F.2d at 640; *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991).

Plaintiff has failed to plead facts sufficient to show that any Defendant prison official deprived him of a protected liberty interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Here, Plaintiff pleads insufficient facts that would demonstrate how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship."  *Id.* at 483-84.

Thus, the Court finds that Plaintiff's due process allegations also fail to support a plausible claim upon which relief may be granted and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).

### F.   Improper Defendant

Finally, to the extent that Plaintiff names the "California Correctional Health Care Services" as a Defendant in this action, his claims must be dismissed *sua sponte* pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against a defendant who is immune.  The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, such as the Correctional Health Care Services, are not "persons" subject to suit under § 1983.  *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state and, thus, not a "person" within the meaning of § 1983).  In addition, to the extent that Plaintiff

seeks to sue the State of California itself for monetary damages, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against the California Correctional Health Care Services, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 28 U.S.C. § 1915A(b)(1)-(2) without leave to amend.

### G. Leave to Amend

Accordingly, the Court finds that Plaintiff's FAC fails to state a claim against any named Defendant, and therefore, it is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding without counsel, however, and the Court has now provided him "notice of the deficiencies in his complaint," it will also grant Plaintiff an opportunity to amend it. *See Akhtar*, 698 F.3d at 1212 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

Plaintiff is cautioned that if he files an amended pleading, he must clearly set forth claims that he has not raised in other matters he has filed in this Court.

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune Defendants pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint that cures all of the noted deficiencies of his FAC. Plaintiff's Second Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard*

1  *Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading
2  supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)
3  (noting that claims dismissed with leave to amend which are not re-alleged in an
4  amended pleading may be "considered waived if not repled").

5      2.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a
6  blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C.
7  § 1983" for his use in amending.

Dated: September 13, 2016

*[signature]*
Hon. Roger T. Benitez
United States District Judge