UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Raul Arellano, Jr., | Case No.: 15-cv-02247-JLS-JLB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO UNITE STATE CASE WITH FEDERAL CASE** |
| v. | |
| Dr. Dean, et al., | |
| Defendants. | [ECF Nos. 43, 48] |

Plaintiff Raul Arellano, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Second Amended Complaint ("SAC") on October 31, 2016, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against defendants Dr. Dean, Pasha, Roberts, Glynn, and Lewis. (ECF No. 11.) Presently before the Court are: (1) Plaintiff's motion titled, Motion to Unite State Case with Federal Case since it is Dealing with Same Facts Except that it's Through a State Tort Claim; and (2) Defendants' Response filed in opposition to Plaintiff's motion. (ECF Nos. 43, 45).[1]

---

[1] On January 25, 2018, Plaintiff filed a motion seeking clarification as to whether the Court had invited a reply brief. (ECF No. 48.) With respect to Plaintiff's Motion to Unite, a reply brief was not invited or authorized by the Court. (*See* ECF No. 44.)

1

In support of his motion, Plaintiff contends that he has a state tort law claim pending in state court, case 37-2015-00031421-CU-MM-CTL. (*Id.*) He further contends that his tort claim in state court is similar to the federal constitutional claims raised in this case. (*Id.*) For this reason, Plaintiff requests that the Court "add in" the state tort claim to be part of the above-captioned federal case. (*Id.*) Plaintiff provides no legal authority for this request. (*See id.*) The Court construes Plaintiff's request as a petition for removal and motion to consolidate this case with his state tort case. Both requests are denied in turn.

Defendants correctly argue that there is no procedural mechanism to for Plaintiff to "unite" the two cases at issue. (*See* ECF No. 45 at 1-2.) Plaintiff has "no power to remove his own case" from state court because "[r]emoval is available only to defendants." *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (citing *In re Walker*, 375 F.2d 678 (9th Cir. 1967) (per curiam)). *See also Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); 28 U.S.C. §§ 1441, 1443, 1446 (providing that a "defendant" may remove state court cases to federal court). And, absent proper removal from state court, there is no authority for consolidating the instant action with Plaintiff's state court case.

Federal Rule of Civil Procedure 42 provides, "If **actions before the court** involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a) (emphasis added). Rule 42(a) "cannot be used by a federal court to consolidate an action pending before it with a state court action."[2] *Norman v. Celgene Corp.*, No. 07cv77174, 2008 WL 11339102, at *1 (C.D. Cal. July 31, 2008) (citing *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (Rule 42 "applies to cases that are properly before the same court. Because this [remanded

---

[2] Moreover, Plaintiff's request is further complicated by the procedural posture of his state case. Defendants filed records of the Superior Court of California, County of San Diego, in the matter of *Arellano v. R. J. Donovan Prison*, Case No. 37-2015-00031421-CU-MM-CTL, showing Plaintiff's state court case has been dismissed with prejudice and Plaintiff is pursuing an appeal of that dismissal. (*See* ECF No. 45-1.) The Court takes judicial notice of these state court orders and proceedings. Fed. R. Civ. P. 201(b), (c); *see also Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

state court] case is not properly before the district court in Washington, Rule 42 cannot be invoked.")).

Accordingly, Plaintiff's motion seeking to "unite" his state court case with this case (ECF No. 43) is **DENIED** because the state court action was not removed to federal court and there is no authority for this Court to consolidate Plaintiff's state court action with this case. The Court also **DENIES** Plaintiff's related motion seeking clarification as to whether the Court ordered a reply brief. (ECF No. 48.) No reply brief was ordered, nor would it aid the Court with its analysis of whether Plaintiff could unite his state court case with this federal case.

**IT IS SO ORDERED.**

Dated: January 31, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge