UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DR. K. DEAN, et al.,<br><br>Defendants. | Case No.: 15-CV-2247 JLS (JLB)<br><br>**ORDER: (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS; (2) ADOPTING IN PART REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>(ECF Nos. 23, 32, 46) |

Presently before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation, ("R&R," ECF No. 46), advising that the Court should grant in part and deny in part Defendants Dr. Dean, Pasha, Roberts, Glynn and Lewis's Motions to Dismiss,[1] (ECF Nos. 23, 32). Also before the Court are Plaintiff's Objections to the R&R, ("R&R Objs.," ECF No. 50), and Defendants' Reply to Plaintiff's Objections, ("Reply," ECF No.

---

[1] When Defendants filed their first Motion to Dismiss, (ECF No. 23), Defendant Dean had not be served. Therefore, the first Motion to Dismiss contains arguments as to the served Defendants. After the first Motion was filed, Plaintiff effected service of Defendant Dean, (*see* ECF No. 30). The second Motion to Dismiss, (ECF No. 32), contains argues as to Defendant Dean.

1

51). After considering the parties' arguments and the law, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's Objections, (2) **ADOPTS IN PART** the R&R, and (3) **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Dismiss.

## BACKGROUND

Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion to Dismiss. (*See* R&R 2–5.)[2] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I. Summary of the R&R Conclusion

On October 6, 2015, Plaintiff filed a Complaint against Defendants for alleged violations of his civil rights. ("Compl.," ECF No. 1.) Plaintiff's Complaint and his First Amended Complaint were dismissed under the mandatory screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (*See* ECF Nos. 3, 8.) On October 31, 2016, Plaintiff filed a Second Amended Complaint that alleges violations of 42 U.S.C. § 1983 and accuses the

---

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

moving Defendants of violating his Eighth, and Fourteenth Amendment rights. (Second Am. Compl., ("SAC"), ECF No. 11, at 5–11.)

Judge Burkhardt concluded that Plaintiff plausibly stated a claim for deliberate indifference against Defendant Dr. Dean. (R&R 9–10.) Plaintiff made specific allegations that, during the course of Plaintiff's medical treatment, Defendant Dean laughed when Plaintiff complained his medication caused him to have suicidal thoughts. For example, when Plaintiff told Defendant Dean of his suicidal ideations, Defendant Dean allegedly said, "Don't tell no one that, just do it." (*Id.* at 9 (quoting SAC 8).)

Judge Burkhardt then found that Plaintiff had not stated a claim against Defendant Pasha, a nurse working with Defendant Dean. (*Id.* at 10.) Plaintiff generally alleged that he saw Defendant Pasha a few weeks after he saw Defendant Dean and told her that Defendant Dean was wrong to ignore his severe medical necessity and that Pasha would be putting his life and health at risk by ignoring Plaintiff. Judge Burkhardt concluded that Plaintiff's allegations were too vague and conclusory to support a plausible inference of deliberate indifference against Nurse Pasha. (*Id.*)

Next, Judge Burkhardt concluded that Plaintiff's claims against Defendants Roberts, Glynn, and Lewis fail to state a claim because the claims against those defendants arose solely from the administrative grievance process. (*Id.*) Judge Burkhardt found that Plaintiff failed to allege facts sufficient to demonstrate that the defendants were personally involved in any decisions regarding the appropriate course of Plaintiff's medical treatment. (*Id.* at 11.) Instead, Judge Burkhardt found that prison officials, serving in administrative roles, could rely on the opinions of qualified medical staff when responding to a plaintiff's medical care grievance. (*Id.* at 12 (citing *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 946 (2015); and *Doyle v. Cal. Dep't of Corr. & Rehab.*, No. 12cv2769, 2015 WL 5590728, at *9 (N.D. Cal. Sept. 23, 2015)).)

Finally, Judge Burkhardt found that Plaintiff failed to state a claim for equal protection under the Fourteenth Amendment because he did not demonstrate that he was

in a protected class or that he was treated differently than similarly situated prisoners. (*Id.* at 13–14.)

## II. Summary of Plaintiff's Objections

Plaintiff objects to Judge Burkhardt's recommendation to grant Defendant Pasha's motion to dismiss as to deliberate indifference. (R&R Objs. 1–2.) He argues that everything he told to Defendant Dean he also told to Defendant Pasha. (*Id.* at 2.) Plaintiff reasons that if Defendant Dean is liable then Defendant Pasha should be equally liable. He points to his SAC as demonstrating that Defendant Pasha was aware of the pain he was experiencing, as well as the fact that the side effects from the medication put his life and health at risk. (*See id.*) Plaintiff also cites two cases where courts found deliberate indifference allegations sufficient. In those cases, prison officials knew of prisoners' complaints and reports of pain and ignored or did not treat those issues. (*Id.* at 3 (citing *Ahdom v. Lopez*, No. 09cv1874, 2015 WL 5922020, at *5 (E.D. Cal. Oct 9, 2015); and *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005)).)

Next, Plaintiff objects to Judge Burkhardt's recommendation to grant Defendants Glynn, Roberts, and Lewis's motion on deliberate indifference grounds. (*Id.* at 4.) Plaintiff argues that his SAC alleges sufficient facts to state deliberate indifference because whenever a prisoner does not agree with the results of his doctor, his only recourse is through the grievance process. (*Id.*) Plaintiff states that his SAC alleges that his grievance against Defendant Dean went to each level of review: to Defendant Roberts at the first level, Defendant Glynn at the second, and Defendant Lewis at the third level. (*Id.*) Each Defendant at each level had access to Plaintiff's medical records and his grievance yet denied Plaintiff a re-evaluation from a different doctor. (*See id.* at 4–5.) Plaintiff acknowledges that prison officials in the administrative grievance process may rely on qualified medical staff opinions, but argues the rule is distinguishable because Defendants were medical providers. (*Id.* at 6.) He goes on to argue Defendants were personally involved in decisions of the appropriate course of his medical treatment. (*Id.* at 7.)

Finally, Plaintiff objects to Judge Burkhardt's finding that Plaintiff did not state an equal protection claim. Plaintiff argues he did state a claim because every indigent inmate who suffers neuropathy is prescribed shoes by the institution. (*Id.* at 8.) Plaintiff disagrees with Judge Burkhardt's finding that Plaintiff could not know the diagnosis of every inmate, and thus could not qualify as a "class of one," because Defendant Dean agreed that Plaintiff had neuropathy, but she still denied shoes because the shoes "cost money to the institution." (*Id.* (quoting SAC 11).)

**III. Court's Analysis**

The Court will review, *de novo*, each part of Judge Burkhardt's R&R to which Plaintiff objects. As an initial matter, the Court agrees with Judge Burkhardt that Plaintiff has stated a valid claim against Defendant Dean. Neither Plaintiff nor Defendants contest this finding. (*See generally* R&R Obj.; Reply.) The Court **ADOPTS** Judge Burkhardt's R&R as to Defendant Dean.

First, Plaintiff objects to Judge Burkhardt's finding that he failed to state a deliberate indifference claim against Defendant Pasha. An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). "To establish unconstitutional treatment of a medical condition . . . a prisoner must show deliberate indifference to a "serious" medical need. *Id.* (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference to the serious medical needs of an inmate is inconsistent with the basic standards of human decency and antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

A determination of deliberate indifference to a serious medical need involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, the plaintiff must show that the

defendant's response to the medical need was deliberately indifferent. *Id.* (citing *McGuckin*, 974 F.2d at 1059–60).

Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.* Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). This standard is one of subjective recklessness. *Farmer*, 511 U.S. at 839–40. "To satisfy this subjective component of deliberate indifference, the inmate must show that prison officials 'kn[e]w [ ] of and disregard[ed]' the substantial risk of harm, but the officials need not have intended any harm to befall the inmate; 'it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (alterations in original) (quoting *Farmer*, 511 U.S. at 837, 842). "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)); *see Estelle*, 429 U.S. at 106.

Here, Defendants do not contest that Plaintiff had a serious medical need. The Court agrees: Plaintiff alleges he had "severe pain on [his] head and lower back due to 2 different incidents." (SAC 5.) Plaintiff also attached his prescription list to the SAC, which supports his serious medical need. (*See id.* at 15.) Both Judge Burkhardt and Defendants conclude that Plaintiff fails to meet the second deliberate indifference element: Plaintiff failed to allege sufficient facts that Defendant Pasha "actually appreciated and deliberately ignored a serious medical risk to Plaintiff." (Reply 2; *see also* R&R 10.)

The Court disagrees. Plaintiff alleges that he told Defendant Pasha that Defendant Dean was wrong to ignore his severe medical necessity. (SAC 5.) Plaintiff went on to tell Defendant Pasha that she was "basically leaving me to live in a everyday [sic] without

be[ing] able to sleep, eat, walk, exercise, eat." (*Id.*) Thus far, Plaintiff allegations only establish that Defendant Pasha knew of his serious medical need. Yet, both Defendants and Judge Burkhardt conclude Plaintiff's statement—"Pasha acknowledges knowing she will leave me on [sic] such conditions but because is [sic] not her on [sic] my shoes she don't care," (*id.*)—is vague and conclusory. (R&R 10; ECF No. 23-1, at 7.) At the motion to dismiss stage the Court must accept Plaintiff's factual allegations as true. Plaintiff alleges not only that Defendant Pasha knew of his serious medical need and that Defendant Dean allegedly ignored that medical need, but also that Defendant Pasha *acknowledged* such knowledge and still did nothing. This is a close question as to whether these allegations plausibly state a claim for deliberate indifference, but the Court has an obligation to construe a pro se civil rights litigant's pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Therefore, the Court finds Plaintiff has alleged sufficient facts to plausibly state a claim for deliberate indifference against Defendant Pasha.

Moreover, Plaintiff cites two cases where courts found prisoner allegations sufficient where the prisoner complained of severe pain and side effects that were ignored and untreated. *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005); *Ahdom v. Lopez*, No. 09cv1874, 2015 WL 5922020, at *5 (E.D. Cal. Oct 9, 2015). The Court finds these cases are persuasive and tend to support Plaintiff's position. Notably, Defendants make no attempt to distinguish these cases. (*See generally* Reply.) Accordingly, the Court **SUSTAINS** Plaintiff's first Objection.

Next, Plaintiff objects to Judge Burkhardt's finding that Defendants Roberts, Glynn, and Lewis were liable under a deliberate indifference theory. There is no vicarious liability under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Prison officials are only liable for their own conduct. *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1445–46 (9th Cir. 1991) (en banc), *abrogated on other grounds*, *Farmer*, 511 U.S. 825. Additionally, there are no "stand-alone due process rights related to the administrative grievance process." *Jones v.*

*Cannedy*, No. 10-cv-2174 KJM KJN P, 2012 WL 3260457, at *4 (E.D. Cal. Aug. 8, 2012) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); and *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)). "[P]rison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. . . . [a] plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances." *Id.* (citations omitted). Because there is no due process right to a grievance process, Plaintiff must allege sufficient facts that Defendants Roberts, Glynn, and Lewis were deliberately indifferent to his serious medical need.

Plaintiff alleges that Defendants, as appeal administrators, were aware Plaintiff had a serious medical need and they ignored that need. (SAC 9.) Plaintiff alleges that Defendants' awareness arose from reading Plaintiff's grievances and his medical records. (*Id.*) Yet, the factual allegations do not show that the Defendants knew and disregarded Plaintiff's serious medical need. *Thompson v. Vidurria*, No. 14-cv-1896-LJO-SAB (PC), 2015 WL 5146852, at *3 (E.D. Cal. Sept. 1, 2015), illustrates the type of factual allegation required to state a claim in a similar circumstance. There, a defendant appeal administrator denied an inmate grievance. The court determined that the prisoner had alleged sufficient facts to support deliberate indifference because the defendant interviewed the plaintiff and the defendant told the prisoner he was not going to do anything to the corrections officer in question, and asked the prisoner to drop his appeal. *See id.*

Here, there are no factual allegations that Defendants were personally involved in Plaintiff's treatment, only that Plaintiff filed grievances describing his medical conditions. Unlike *Thompson*, Plaintiff alleges no interaction with Defendants other than the fact that Plaintiff submitted grievances to them. There are no facts that Defendants both knew and disregarded his serious medical needs—Plaintiff's allegations only assume Defendants knew and disregarded from the nature of the grievance process itself. For example, Plaintiff alleges that Defendants knew, from the grievance process alone, that Plaintiff was suffering from a serious medical need. (SAC 9.) Yet, he does not allege he has had any

personal interaction with these Defendants or otherwise know they subjectively ignored his issues. Instead, Plaintiff's allegations are entirely predicated on his assumptions and conclusions regarding Defendants' role in the administrative appeals process. The Court need not credit such conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Therefore, the Court **OVERRULES** Plaintiff's second Objection and **ADOPTS** the R&R as to these Defendants.

Finally, Plaintiff objects to Judge Burkhardt's finding he was discriminated against under a "class of one" equal protection theory. The Supreme Court has recognized a deprivation of the equal protection of the laws "brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602 (2008) ("What seems to have been significant in *Olech* and the cases on which it relied was the existence of a clear standard against which departures, even for a single plaintiff, could be readily assessed."). "A class of one plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as opposed to being an accident or a random act.'" *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (quoting *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001)). "The class-of-one doctrine does not apply to forms of state action that 'by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.'" *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (quoting *Engquist*, 553 U.S. at 603).

Here, Plaintiff does not allege facts to demonstrate that he was treated differently from all other prisoners at Richard J. Donovan Correctional Facility who had neuropathy. Plaintiff's objection states that Defendant Dean agreed that he had neuropathy and she denied his shoe prescription because the requested shoes "cost money to [the] institution." (SAC 10.) Accepting that statement as true, such a statement does not demonstrate that Plaintiff was treated differently than others similarly situated. Indeed, medical treatment options involve a variety of subjective, individualized assessments and therefore fall into

the category of discretionary decision-making rather than non-discretionary state action. Without more, Plaintiff's allegations of different treatment are not sufficient to state an equal protection claim. Thus, the Court **OVERRULES** Plaintiff's third Objection.

Accordingly, the Court **ADOPTS IN PART** Judge Burkhardt's R&R and **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Dismiss, (ECF Nos. 23, 32). To summarize, the Court grants the motion to dismiss as to Defendants Roberts, Glynn, and Lewis on the deliberate indifference claim and grants it as to the equal protection claim in its entirety. The Court denies the motion as to Defendants Dean and Pasha on the deliberate indifference claim.

## CONCLUSION

For the reasons stated above, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's Objections; **ADOPTS IN PART** Judge Burkhardt's R&R, (ECF No. 46), and (3) **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Dismiss, (ECF Nos. 23, 32), to the extent discussed above. If Plaintiff wishes to re-allege his claims against Defendants Roberts, Glynn, and Lewis or his equal protection claims, Plaintiff may file an amended complaint <u>on or before forty (40) days</u> from the date which this Order is electronically filed. Plaintiff is cautioned that should he choose to file a Third Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim, against any defendant, not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff does not file an amended complaint then the case will proceed against Defendants Dean and Pasha as pled.

**IT IS SO ORDERED.**

Dated: March 12, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge