UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. K. DEAN ET AL., <br><br> Defendants. | Case No.: 3:15-cv-02247-JLS-JLB <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME** <br><br> **[ECF No. 55]** |

### I. Introduction

Before the Court is Plaintiff Raul Arellano, Jr.'s ("Plaintiff") Motion for Appointment of Counsel and Motion for Extension of Time. (ECF No. 55.) No opposition to the Motion was filed. For the following reasons this Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. Specifically, the Court **DENIES** Plaintiff's request for appointment of counsel and **GRANTS** Plaintiff's request for extension of time to file an amended complaint (to the extent he elects to file one).

### II. Appointment of Counsel

Plaintiff contends that he is entitled to counsel because he suffers from vision loss, and this ailment makes it difficult to litigate this case on his own. (ECF No. 55 at 1.) Plaintiff asserts his impairments include: photosensitivity, eye pain, and blurry vision that is not correctable with prescription lenses. (ECF No. 55 at 1; ECF No. 60 at 3.) Plaintiff

claims this impairs his ability to read court documents as well as his own written filings; therefore Plaintiff believes this Court must appoint counsel. (ECF No. 55 at 1.)

### A. Legal Standard

Typically, a plaintiff is not entitled to counsel for civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)). However, 28 U.S.C. §1915(e)(1) permits a court to appoint counsel when the person is unable to afford such counsel; the court may exercise this power only under "exceptional circumstances." 28 U.S.C. §1915(e)(1); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). In order to determine whether or not "exceptional circumstances" exist, a court must evaluate the plaintiff's likelihood of success on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these two *Wilborn* factors are dispositive, and they must be viewed together. *Id.*

### B. Likelihood of Success on the Merits

If a plaintiff fails to provide any evidence supporting his likelihood of success at trial, he or she fails the first *Wilborn* factor. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Allegations made in the pleadings, without further corroboration with supporting evidence thereafter, are insufficient to demonstrate the likelihood of success at trial. *Id.*

Here, Plaintiff offers no evidence to the effect that he has a likelihood of success on the merits. At this early stage when the parties have not yet completed discovery and have not yet proffered evidence to the Court in support of their claims, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claims. *Id.; see also Garcia v. Smith*, No. 10-cv-1187, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel because it was too early to determine whether any of the plaintiff's claims would be successful). While some of Plaintiff's claims have survived the motion to dismiss stage, there have been no substantive motions after

2

3:15-cv-02247-JLS-JLB

discovery to test Plaintiff's claims. Thus, the Court concludes that Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his request for the appointment of counsel.

### C. Plaintiff's Ability to Articulate His Claims Without Counsel

Where a *pro se* civil rights plaintiff shows that he understands basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer*, 560 F.3d at 970. Further, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and draw reasonable factual inferences in the plaintiff's favor. *Mckinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim in light of the complexity of the issues, the "exceptional circumstances" that might support the appointment of counsel do not exist.

Here, Plaintiff is unable to demonstrate his inability to articulate his claims without the effective assistance of counsel. Plaintiff asserts that his blurred vision prevents him from reading and writing documents, thus necessitating the assistance of counsel. (ECF No. 55 at 1.) However, throughout these proceedings Plaintiff has been able to file appropriate motions and responses, discuss case law with Defendants' attorney, and correspond with the Court and Defendants' counsel. (ECF. No. 60 at 2.) Further, the prison has afforded Plaintiff several accommodations including various magnifiers, a machine that can audibly read text to Plaintiff, and an ADA skilled inmate-worker who is available to read documents to Plaintiff and act as a scribe. (ECF No. 60 at 4.) Therefore, Plaintiff is able to articulate his claims without the assistance of counsel, and Plaintiff fails to meet the second "exceptional circumstances" factor at this stage of the case.

Viewing these *Wilborn* factors together, Plaintiff has not sufficiently demonstrated "exceptional circumstances" necessitating the appointment of counsel.

## III. Motion for Extension of Time

Plaintiff also requests an extension of time to file an amended complaint. (ECF No. 55.) On March 12, 2018, Plaintiff was granted leave to file an amended complaint by April 23, 2018.[1] (ECF No. 52.) However, on March 23, 2018, the order granting Plaintiff leave to amend (ECF No. 52) was returned to sender (the Court) as undeliverable to Plaintiff. (ECF. No. 53.) On April 6, 2018, the Clerk of Court was ordered to deliver a courtesy copy of the March 12, 2018 order to Plaintiff because Plaintiff had not yet received it. (ECF No. 54.) This delay of nearly a month left Plaintiff with just over two weeks to read the order and draft an amended complaint (should he elect to file one) as opposed to the forty days the order granted him. Thus, this Court finds good cause to support Plaintiff's request. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating the district court may modify pretrial scheduling deadlines "if [they] cannot reasonably be met despite the diligence of the party seeking the extension").

## IV. Conclusion

For the reasons stated above this Court:

1) **DENIES** Plaintiff's request for appointment of counsel; and

2) **GRANTS** Plaintiff's request for an extension of time to file an amended complaint. Plaintiff's amended complaint, should he elect to file one, must be filed no later than **July 19, 2018**. The Court cautions Plaintiff that his amended complaint must be complete in itself without reference to his prior complaint(s) and, to the extent Plaintiff re-alleges claims dismissed with leave to amend, cure the deficiencies identified in Judge

---

[1] Judge Janis L. Sammartino's March 12, 2018 order stated: "Plaintiff may file an amended complaint on or before forty (40) days from the date which this Order is electronically filed." (ECF No. 52.) The order was electronically filed on March 12, 2018. According to Federal Rule of Civil Procedure 6(a)(1)(c), the last day for filing cannot fall on a Saturday, Sunday, or legal holiday, and forty days from March 12, 2018 was Saturday, April 21, 2018. So, Plaintiff's deadline to file an amended complaint was the following Monday.

4

3:15-cv-02247-JLS-JLB

Sammartino's March 12, 2018 order (ECF No. 52). *See* Civil Local Rule 15.1; *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). If Plaintiff does not file an amended complaint then the case will proceed as to the claims and Defendants that survived the previous motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 22, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge