UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. K. DEAN, et al.,<br><br>                              Defendants. | Case No.: 15-CV-2247 JLS (JLB)<br><br>**ORDER: (1) DENYING MOTION TO RECONSIDER OR APPEAL; (2) DENYING AS MOOT MOTION FOR EXTENSION OF TIME; AND (3) GRANTING EXTENSION OF TIME**<br><br>(ECF Nos. 65, 67) |

Presently before the Court is Plaintiff Raul Arellano, Jr.'s Motion for Extension of Time to File a Reconsideration or an Appeal.  (ECF No. 65.)  Also before the Court is Plaintiff's Motion to Reconsider or Appeal.  ("MTN," ECF No. 67.)  On June 22, 2018, Magistrate Judge Jill Burkhardt denied Plaintiff's motion to appoint counsel and extended the time for Plaintiff to file an amended Complaint until July 19, 2018.  ("Prior Order," ECF No. 62.)  The Court construes Plaintiff's motion as an objection to Judge Burkhardt's order.

Federal Rule of Civil Procedure 72(a) provides that a party may file objections to a magistrate judge's nondispositive order within fourteen days.  Plaintiff's objection was

timely filed with the fourteen-day window[1] and the Court **DENIES AS MOOT** Plaintiff's Motion for Extension of Time, (ECF No. 65).

The Court turns to the Plaintiff's objection of Magistrate Judge Burkhardt's order. In her order, Judge Burkhardt denied Plaintiff's request for counsel because "Plaintiff offer[ed] no evidence to the effect that he has a likelihood of success on the merits." (Prior Order 2.) Further, Judge Burkhardt found that "Plaintiff is unable to demonstrate his inability to articulate his claims without the effective assistance of counsel." (*Id.* at 3.) Judge Burkhardt acknowledged that Plaintiff has complained of blurred vision, but noted that "Plaintiff has been able to file appropriate motions and responses, discuss case law with Defendants' attorney, and correspond with the Court and Defendants' counsel." (*Id.* (citing ECF. No. 60 at 2).) And, the prison has afforded Plaintiff several accommodations. (*Id.*) Judge Burkhardt concluded that Plaintiff failed to meet the exceptional circumstances requirement to appoint counsel.

Plaintiff generally asserts that if he does not have an attorney appointed then he will be unable to proceed in his case.[2] (MTN 1.) He objects to Judge Burkhardt's first finding on the grounds that he has survived the initial motion to dismiss stage and thus he has "change to win the case if facts stated are believed by [the] jury." (*Id.* at 2.) Plaintiff maintains that going through discovery without an attorney would be prejudicial because he is blind. (*See id.*) He objects to the Judge Burkhardt's second finding because some of his prior filings were before he lost his vision and that even though he has been able to file with the assistance of other inmates, those inmates cannot assist him with legal research. (*See id.* at 3.) Plaintiff further contends that the accommodations given to him are insufficient because he is blind and cannot utilize them in the first instance. (*See id.* at 4.) He asserts that only an attorney can remedy his inability to conduct legal research to

---

[1] Pro se prisoners, proceeding under § 1983, are deemed to have filed when they deliver their filings to prison authorities for forwarding to the clerk. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).
[2] Plaintiff has not personally written the motion; instead, it appears that a fellow inmate is transcribing Plaintiff's words.

15-CV-2247 JLS (JLB)

prosecute his case.

Magistrate Judge Burkhardt correctly identified and applied the controlling standard for appointment of counsel. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Wilborn*, 789 F.2d at 1331).

Here, Judge Burkhardt correctly pointed out that some of Plaintiff's claims have survived the motion to dismiss stage but have not progressed beyond the motion for summary judgment stage. Thus, the veracity of Plaintiff's claims have not been tested. Plaintiff cited a few cases to support his argument for appointing counsel. None are applicable. The court in *Gamble v. McDaniel*, No. 15-CV-619-JAD-VCF, 2016 WL 3769349, at *3 (D. Nev. July 14, 2016), denied a request for counsel despite alleged injuries to the plaintiff that he had lost vision in his left eye. In *Miller v. Williams*, No. 16-cv-895-MMD-VCF, 2017 U.S. Dist. Lexis 116260, at *2 (D. Nev. July 25, 2017), the district court granted a motion to appoint counsel but did not discuss any of the details of that case to which the Court could compare. Thus, the Court finds Plaintiff has not demonstrated a likelihood of success on the merits.

Next, Plaintiff has not demonstrated an inability to articulate his claims in light of the complexity of the legal issues involved. First, the Court does not have any independent,

medical verification of Plaintiff's blindness. In May 2018, Defendants submitted two status reports indicating that Plaintiff's treating ophthalmologist has evaluated Plaintiff and has not found a medical reason for Plaintiff's claimed vision problem. (*See* ECF No. 61, at 2; *see also* ECF No. 60, at 3.) Second, Plaintiff has been able to file motions, with the assistance of other prisoners, and has included citations to cases in his motions. Third, his legal claims are not particularly complex. In sum, the Court finds that Judge Burkhardt properly decided Plaintiff's motion.

The Court is mindful of Plaintiff's claimed medical issues. It will continue to monitor Plaintiff's medical situation and may request additional briefing from Defendants concerning any further medical diagnosis of Plaintiff's condition. The Court will also consider Plaintiff's further requests to extend time to respond so that he has additional time to read, research, and write. However, Plaintiff's situation does not rise to the "exceptional circumstances" warranting appointment of counsel. The Court **DENIES** his motion to reconsider, (ECF No. 67). Judge Burkhardt granted Plaintiff an extension of time to file an amended complaint to July 19, 2018. Plaintiff requested an extension of time while the Court considered the motion for reconsideration. (MTN 5.)

In light of Plaintiff's vision issue, the Court **GRANTS** Plaintiff's request for additional time. Plaintiff **MAY FILE** an amended Complaint on or before September 17, 2018. The Court cautions Plaintiff that his amended complaint must be complete in itself without reference to his prior complaint(s) and, to the extent Plaintiff re-alleges claims dismissed with leave to amend, cure the deficiencies identified in this Court's March 12, 2018 order, (ECF No. 52). *See* Civil Local Rule 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

/ / /

/ / /

If Plaintiff does not file an amended complaint then the case will proceed as to the claims and Defendants that survived the previous motion to dismiss.

**IT IS SO ORDERED.**

Dated:  August 20, 2018

Hon. Janis L. Sammartino
United States District Judge

15-CV-2247 JLS (JLB)