UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>         Plaintiff,<br><br>v.<br><br>DR. K. DEAN, et al.,<br><br>         Defendants. | Case No.: 15-CV-2247 JLS (JLB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 77, 110) |

  Presently before the Court is Plaintiff Raul Arellano's Motion for Reconsideration ("Mot.," ECF No. 110). Plaintiff asks the Court to reconsider its August 6, 2019 Order Granting Defendants' Motion for Summary Judgment. Defendants Dr. K. Dean and Nurse Practitioner ("NP") S. Pasha did not file a response to Plaintiff's Motion. The Court has reviewed Plaintiff's instant Motion; Defendants' Motion for Summary Judgment ("MSJ," ECF No. 77); Plaintiff's Second Amended Complaint ("SAC," ECF No. 11) and Opposition to Defendants' Motion for Summary Judgment ("Opp'n," ECF No. 90); Defendants' Reply in Support of their Motion for Summary Judgment (ECF No. 91); and

1

Plaintiff's Sur-Reply[1] ("Sur-Reply," ECF No. 98). Having carefully considered the Parties' arguments and the law, the Court (1) **GRANTS** Plaintiff's Motion for Reconsideration, and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment. This Order **SHALL AMEND AND SUPERSEDE** the Court's August 6, 2019 Order docketed at ECF No. 107.

## BACKGROUND

The Court's August 6, 2019 Order ("Prior Order") contains a thorough and accurate recitation of the factual and procedural history in this case. *See* Prior Order at 2–14.[2] This Order incorporates by reference the background as set forth therein.

Relevant to this Motion, Plaintiff's SAC raises claims under 42 U.S.C. § 1983 against Defendants Dr. Dean and NP Pasha for violations of the Eighth and Fourteenth Amendments. *See generally* SAC. Specifically, Plaintiff alleges that both Dr. Dean and NP Pasha (1) were deliberately indifferent to his serious medical need by failing to address adequately the alleged side effects Plaintiff experienced from the pain and seizure medications he was prescribed, in violation of the Eighth Amendment; and (2) were deliberately indifferent and denied equal treatment to Plaintiff by failing to prescribe Plaintiff orthopedic shoes to alleviate his pain, in violation of the Eighth and Fourteenth Amendments. *Id.* at 5–8, 10–11.

Defendants moved for summary judgment on January 10, 2019. *See generally* MSJ. The Court granted Defendants' motion in its entirety on August 6, 2019. *See generally* Prior Order. Plaintiff now asks the Court to reconsider its Prior Order. *See generally* Mot.

///
///

---

[1] To the extent the allegations contained in Plaintiff's SAC, Opposition, and Sur-Reply are within his personal knowledge, they are treated as affidavits in opposition to Defendants' Motion for Summary Judgment. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

[2] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff does not raise any newly discovered evidence or intervening changes in the law. *See generally* Mot. The only basis for reconsideration, therefore, is clear error. After reviewing Plaintiff's Motion and the law, the Court finds it necessary to reconsider its conclusion that Plaintiff failed to raise a genuine issue of material fact regarding Plaintiff's claim that Dr. Dean was deliberately indifferent to Plaintiff's serious medical need when Dr. Dean failed to respond to Plaintiff's suicidal ideations. Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration.

**I.  Deliberate Indifference Claim Against Dr. Dean Regarding Suicidal Ideations**

The Court addresses first Plaintiff's claim that Dr. Dean was deliberately indifferent to Plaintiff's serious medical need when Dr. Dean failed to respond to Plaintiff's complaints that his medication was causing, among other side effects, suicidal ideations.

It is a violation of the Eighth Amendment's cruel and unusual punishments clause when prison officials are "deliberately indifferent" to a prisoner's "serious medical needs."

*Estelle v. Gamble*, 429 U.S. 97, 102–05 (1976). Such a violation "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 105).

To demonstrate deliberate indifference, the plaintiff must show two things: (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted). "This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Deliberate indifference thus requires an objective risk of harm and a subjective awareness of that harm." *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010), *vacated*, 563 U.S. 915 (2011), *opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Court "address[es] these requirements—serious medical need, indifference to that need, and harm caused by that indifference—each in turn." *Id.*

### A. Serious Medical Need

"A heightened suicide risk or an attempted suicide is a serious medical need." *Conn*, 572 F.3d at 1055. Plaintiff alleges that he told Dr. Dean that he was having suicidal ideations during a medical examination on May 20, 2014. SAC at 5. Dr. Dean does not dispute that such a statement would constitute a serious medical need. Thus, the Court finds Plaintiff's suicidal ideations "satisf[y] the objective component of a serious medical need." *Kamakeeaina v. City & Cty. of Honolulu*, No. CIV. 11-00770 JMS, 2014 WL 1691611, at *7 (D. Haw. Apr. 29, 2014), *aff'd sub nom. Kamakeeaina v. Maalo*, 680 F. App'x 631 (9th Cir. 2017) (finding statements made by plaintiff to the defendants that plaintiff was "ready to commit suicide" were sufficient to show a serious medical need).

///

### B. Indifference to That Need

"To demonstrate the second prong—deliberate indifference—[P]laintiff[] must show that [Dr. Dean] w[as] (a) *subjectively aware* of the serious medical need and (b) failed to adequately respond." *Conn*, 591 F.3d at 1096 (emphasis in original).

Here, Plaintiff alleges that he told Dr. Dean that his pain and seizure medications, Elavil and Keppra, were causing him to experience not only serious pain, lack of sleep, panic attacks, seizures, and dizziness, SAC at 5, but also suicidal thoughts. *Id.* Plaintiff alleges that when he informed Dr. Dean that he was "getting suicidal thoughts severe enough to try to kill [him]self every time [he took] this medication, she responded [with] a 'laugh' and sa[id:] 'Don't tell no one that, just do it.'" *Id.* at 8. After Plaintiff's medical examination, Dr. Dean did not record in her medical notes that Plaintiff was having suicidal thoughts, did not refer Plaintiff for any further mental health treatment, and did not tell any of Plaintiff's other doctors that he was having suicidal ideations. *See* Opp'n at 9. Plaintiff alleges that Dr. Dean did not record his side effects because she told Plaintiff that she believed "all inmates lie." *Id.* at 10. Dr. Dean did not replace or suggest replacing Keppra and Elavil with other medication, but instead doubled the dosage of Elavil—against Plaintiff's protestations—to treat Plaintiff's pain.[3] SAC at 6, 10.

The Court finds Plaintiff's allegations sufficient to raise a genuine issue of material fact as to whether Dr. Dean was deliberately indifferent to Plaintiff's heightened risk of suicide. A finder of fact could conclude that Dr. Dean was aware of Plaintiff's serious medical need, yet "chose to deny" him treatment to address his suicidal thoughts, "not because of an honest medical judgment, but on account of personal animosity." *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Indeed, "[e]vidence of an improper

---

[3] To be sure, Dr. Dean refutes Plaintiff's allegations. Dr. Dean asserts that Plaintiff did not express any suicidal thoughts to her and that she "certainly never . . . told a patient expressing suicidal thoughts to 'just do it,' or any other words to that effect." *See* Declaration of Dr. Kristin Dean ¶ 6, ECF No. 77-2. The Court cannot, however, weigh evidence or make credibility determinations in ruling on a motion for summary judgment, and any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

or ulterior motive," such as the alleged statements made by Dr. Dean, "can support a conclusion that [Dr. Dean] failed to exercise sound medical judgment but instead acted with a culpable state of mind." *See George v. Sonoma Cty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 937 (N.D. Cal. 2010) (citing *Jackson*, 90 F.3d at 332); *see also Lisle v. Welborn*, 933 F.3d 705, 717 (7th Cir. 2019) (holding that taunting prisoner for being unsuccessful in his suicide attempt and encouraging the prisoner to try again "could be deemed cruel infliction of mental pain and deliberate indifference to his risk of suicide, making summary judgment improper").

Plaintiff's allegations also are sufficient to raise a question of fact as to whether Dr. Dean's response was adequate. Plaintiff alleges that Dr. Dean was subjectively aware of his suicidal ideations, yet failed to report this to any other official or to take any action to address his suicidal ideations. Opp'n at 4–5. Failure to report a prisoner's suicidal ideations is not an adequate response to such a serious medical need. *See Conn*, 591 F.3d at 1098. "If [Plaintiff] proves that claim at trial . . . he will have shown that [Dr. Dean] w[as] deliberately indifferent to his serious medical needs." *See Jackson*, 90 F.3d at 332.

The Court therefore concludes that Plaintiff's "evidence [i]s sufficient to raise a genuine issue of material fact on whether 'the course of treatment [Dr. Dean] chose was medically unacceptable under the circumstances,' and whether [she] 'chose this course in conscious disregard of an excessive risk' to [Plaintiff]'s health." *See Hamby v. Hammond*, 821 F.3d 1085, 1097 (9th Cir. 2016) (Gould, J. concurring in part and dissenting in part) (quoting *Jackson*, 90 F.3d at 332).

### C. *Harm*

Finally, the Court must determine (1) whether Plaintiff was harmed by Dr. Dean's alleged deliberate indifference, and (2) "whether the alleged deliberate indifference was both an actual and a proximate cause of Plaintiff's harm." *J.M.M. v. Cty. of Los Angeles*, No. LACV1406529JAKFFMX, 2016 WL 11002595, at *16 (C.D. Cal. Oct. 3, 2016) (quotations and alterations omitted) (citing *Castro v. Cty. of Los Angeles*, 797 F.3d 654, 667 (9th Cir. 2015)). The answer to the first question is straightforward. Plaintiff

attempted suicide in March 2015. SAC at 7. Between the time Plaintiff was examined by Dr. Dean and his suicide attempt, Plaintiff alleges he suffered pain, lack of sleep, depression, and continuing suicidal ideations. Opp'n at 5. These allegations show Plaintiff suffered harm sufficient to defeat summary judgment.

The answer to the second question is less straightforward. "Conduct is an actual cause of injury 'only if the injury would not have occurred "but for" that conduct.'" *J.M.M.*, 2016 WL 11002595, at \*16 (quoting *White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990)). Actual, or "but-for," causation is "purely a question of fact." *Robinson v. York*, 566 F.3d 817, 825 (9th Cir. 2009). "Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's injury, there remains the question whether the defendant should be legally responsible for the injury"—in other words, whether the defendant's actions were a proximate cause. *White*, 901 F.2d at 1506. While a defendant "'is not the proximate cause of [the plaintiff]'s alleged injuries if another cause intervenes and supersedes their liability for the subsequent events[,] . . . *foreseeable* intervening causes . . . will not supersede the defendant's responsibility.'" *Conn*, 591 F.3d at 1100–01 (emphasis in original) (quoting *White*, 901 F.2d at 1506). "'If reasonable persons could differ' on the question of causation then 'summary judgment is inappropriate and the question should be left to a jury.'" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1080 (9th Cir. 2013) (quoting *White*, 901 F.2d at 1506).

Dr. Dean contends that "[t]here is no evidence that Plaintiff would have had any better outcomes if Dr. Dean had done anything differently, and therefore no evidence of causation of harm." MSJ at 17. Dr. Dean contends that with regard to Plaintiff's allegation concerning his suicidal thoughts, during the months that passed between when Dr. Dean saw Plaintiff and his attempted suicide, Plaintiff's requests to change medication were also denied by Dr. Chau (his primary care physician) and Dr. Malhotra (a neurologist), who "were the two physicians to whom Dr. Dean would have had to refer Plaintiff" for a change of medication. *Id.* at 18. Because "[a]ll that Dr. Dean could have done . . . would have been to refer Plaintiff to a neurologist or for a follow up appointment," and Plaintiff saw

both a neurologist and his primary care physician before he attempted suicide, Dr. Dean is not an actual or proximate cause of Plaintiff's harm. *Id.*

Plaintiff alleges that despite telling Dr. Dean that he felt his medication was causing him severe side effects, including suicidal ideation, Dr. Dean failed to report those side effects in her medical notes, failed to suggest a change in medication, and failed to tell any of Plaintiff's other physicians or specialists about his suicidal thoughts. *See* SAC at 5–8; Opp'n at 4–5, 9–10; Sur-Reply at 2, 4–5. Plaintiff argues that although he did not attempt suicide until March of 2015—months after his May 2014 visit with Dr. Dean—"during the time [he] was taking Elavil and Keppra," the medication continued to cause Plaintiff to "feel very hopeless, depressed, [and] wanting to kill [him]self." Sur-Reply at 4–5; *see* SAC at 5, 7. Plaintiff "tr[ied] to control" the feelings "until March 2015 [when he] end[ed] up losing control and end[ed] up in [the suicide] infirmary." Sur-Reply at 4; *see* SAC at 7.

Based on these facts, the Court is "satisfied . . . that [Plaintiff] presented sufficient evidence of actual and proximate causation to defeat summary judgment and give rise to a jury question whether [Dr. Dean's actions] caused [Plaintiff]'s eventual [attempted] suicide." *Conn*, 591 F.3d at 1098. With regard to actual cause, construing all the evidence in the light most favorable to Plaintiff, the Court finds that a reasonable juror could conclude that, despite the passage of several months between the May 2014 examination by Dr. Dean and Plaintiff's attempted suicide, Dr. Dean's failure to report Plaintiff's suicidal thoughts or take action herself was a but-for cause of Plaintiff's attempted suicide. Had Dr. Dean reported his suicidal ideations, Plaintiff may have received treatment that prevented his attempted suicide.

As for proximate cause, the Court finds that Plaintiff has "presented sufficient evidence of foreseeability that the question of proximate cause must be decided by a jury." *Id.* at 1102. The Ninth Circuit's decision in *Conn* is instructive. There, a pretrial detainee, Brenda Clustka, committed suicide while housed in the Washoe County Jail in Reno, Nevada. *Id.* at 1091. Two days before Clustka's suicide, the defendant police officers

picked Clustka up in a paddy wagon after they found her intoxicated on the sidewalk. *Id.* at 1092. On the way to the jail, Clustka attempted suicide by wrapping her seatbelt around her neck; when the defendants stopped to intervene and restrain her, "[s]he yelled something to the effect of, "You lied to me. Just kill me. I'll kill myself then." *Id.* When they arrived at the jail, the defendants did not "notif[y] jail personnel that Clustka had tried to choke herself or that she had threatened to commit suicide[, and] . . . did not write a report nor inform their supervising sergeant about the incident that day." *Id.* After being released from jail, Clustka was taken to an emergency room where she was admitted for observation and, shortly after being released from the hospital, she was arrested and taken back to the Washoe County Jail. *Id.* at 1093. At the emergency room and during the jail intake process, medical officials—none of whom knew about Clustka's previous suicide attempt—screened Clustka and determined that suicide watch was unnecessary. *Id.* The morning after she was booked in jail, Clustka committed suicide. *Id.*

Based on these facts, the Ninth Circuit found that the plaintiffs "presented sufficient evidence of actual and proximate causation to defeat summary judgment and give rise to a jury question whether the officers' omissions caused Clustka's eventual suicide." *Id.* at 1098. The Ninth Circuit rejected the defendants' argument that the medical screenings that occurred after they failed to report the attempted suicide were an intervening cause, noting that,

> [w]hen medical examiners have insufficient information about the patient they are diagnosing, they are likely to give an inaccurate diagnosis. By failing to report Clustka's choking and threat of suicide, the officers rendered these reviews of little value. More important, by doing so, they foreseeably undermined her access to effective medical evaluations and adequate mental health care.

*Id.* at 1101.

The same is true here. Dr. Dean's failure to inform any officials about Plaintiff's suicidal thoughts might have rendered the medical reviews by Drs. Chou and Malhotra "of little value." *See id.* Rather than an intervening cause, these examinations—predictably—

9

may have led to inaccurate diagnoses and left Plaintiff on an unacceptable course of treatment. Thus, if Plaintiff proves Dr. Dean was subjectively aware of his suicidal ideations, "[a] jury could reasonably conclude that notwithstanding the subsequent uninformed medical reviews, the failure to take action following" Plaintiff informing Dr. Dean he was experiencing suicidal ideations "was a moving force and proximate cause of [Plaintiff]'s [attempted] suicide." *Id.* "When presented to the jury, [Dr. Dean's] argument[s] may well succeed. [They are] not, however, sufficient to warrant judicial determination of causation as a matter of law." *Id.* at 1102.

In sum, the Court finds Plaintiff's allegations sufficient to show genuine issues of material facts as to whether Dr. Dean was deliberately indifferent to Plaintiff's heightened risk of suicide in violation of the Eighth Amendment.

## II. Deliberate Indifference and Equal Protection Claims Against NP Pasha and Dr. Dean

The Court next turns to Plaintiff's remaining claims against NP Pasha and Dr. Dean. After reviewing the Prior Order and Plaintiff's Motion, the Court finds no clear error in its conclusion that Plaintiff failed to raise a genuine issue of material fact as to any claim against NP Pasha or the deliberate indifference and equal protection claims regarding orthopedic shoes against Dr. Dean.[4] *See* Prior Order at 19–28. Plaintiff fails to raise facts that show NP Pasha's decisions regarding Plaintiff's medications, or both Defendants decisions regarding orthopedic shoes, amounted to anything more than a "difference of medical opinion," which is "insufficient, as a matter of law, to establish deliberate indifference." *See Jackson*, 90 F.3d at 332. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment regarding (1) all claims against NP Pasha, and (2) the deliberate indifference and equal protection claims regarding orthopedic shoes against Dr. Dean.

---

[4] The Court incorporates by reference its analysis from the Prior Order concerning these claims. *See* Prior Order at 19–28.

## III. Qualified Immunity

Having found Plaintiff raised a genuine issue of material fact as to whether Dr. Dean violated the Eighth Amendment, the Court must now determine whether qualified immunity applies. Qualified immunity shields certain government officials from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The point of shielding officials from liability except when they violate "clearly established" rights is to "ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)). Nonetheless, officials who violate statutory or constitutional rights knowingly or through plain incompetence are not shielded from liability. *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). Thus, if "every 'reasonable official would have understood that what he is doing violates that right,'" then the right is clearly established, and qualified immunity does not provide a defense. *See al-Kidd*, 563 U.S. at 741. For a constitutional or statutory right to be clearly established, there does not need to be a factually indistinguishable case spelling out liability, but existing precedent "must have placed the statutory or constitutional question beyond debate." *Id.*

Defendants argue that "there are no authorities that would put every reasonable official in the place of Dr. Dean or NP Pasha on notice that their actions amounted to deliberate indifference." MSJ at 22. The Court disagrees. The Ninth Circuit has held that "[i]t is clearly established that the Eighth Amendment protects against deliberate indifference to a detainee's serious risk of suicide." *Conn*, 591 F.3d at 1102 (citing *Cabrales v. Cty. of Los Angeles*, 864 F.2d 1454 (9th Cir. 1988), *cert. granted and judgment vacated*, 490 U.S. 1087 (1989); *Cavalieri v. Shepard*, 321 F.3d 616, 621 (7th Cir. 2003); *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)). "When a [prisoner] attempts or threatens suicide . . ., it is obvious that the [official] must report the incident to those who will next be responsible for h[is] custody and safety." *Id.*

As discussed above, *see supra* Section I., a reasonable juror could conclude that Plaintiff posed an objectively serious risk of suicide, that Dr. Dean was subjectively aware of that risk yet failed to respond, and that Plaintiff suffered harm as a result. On the current disputed record, "a grant of summary judgment . . . with regard to qualified immunity would be inappropriate." *Id.*; *see also Ortega v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998) ("Courts should decide issues of qualified immunity as early in the proceedings as possible, *but when the answer depends on genuinely disputed issues of material fact, the court must submit the fact-related issues to the jury*.") (emphasis added) (citing *Liston v. Cty. of Riverside*, 120 F.3d 965, 975 (9th Cir. 1997); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993)).

Upon reconsideration, the Court concludes that Plaintiff has alleged facts sufficient to raise a genuine issue of material fact as to whether Dr. Dean was deliberately indifferent to his serious medical need in violation of the Eighth Amendment, and that this violation was clearly established making qualified immunity inappropriate. Accordingly, the Court **DENIES** Defendants' Motion as to Plaintiff's claim against Dr. Dean for deliberate indifference to Plaintiff's serious medical need regarding his heightened risk of suicide.

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 110);

2. **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 77) with regard to all claims against NP Pasha and the deliberate indifference and equal protection claims regarding orthopedic shoes against Dr. Dean; and

3. **DENIES** Defendants' Motion for Summary Judgment (ECF No. 77) as to Plaintiff's cause of action against Dr. Dean for deliberate indifference to Plaintiff's serious medical need regarding his heightened risk of suicide.

In light of the Court's denial of summary judgment, the Court will entertain a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and Southern District of California General Order 596. *See* S.D. Cal. Gen. Order 596 (noting the Southern District

of California's Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied").

**IT IS SO ORDERED.**

Dated: March 10, 2020

Hon. Janis L. Sammartino
United States District Judge