UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                     Plaintiff,<br><br>v.<br><br>DR. K. DEAN, et al.,<br><br>                     Defendants. | Case No.: 15-CV-2247 JLS (JLB)<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>(ECF No. 119) |

      Presently before the Court is Plaintiff's Motion to Reconsider ("Mot.," ECF No. 119). Plaintiff asks the Court to reconsider its March 20, 2020 Order in which the Court denied reconsideration of its previous ruling granting summary judgment in favor of Defendant Pasha.

      District courts may "reconsider and revise a previous interlocutory decision" at any time before final judgment. *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003); *see also* Fed. R. Civ. P. 54(b). In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. Local R. 7.1(i)(1). Under the Civil Local Rules, the moving party must file

for reconsideration within twenty-eight days after entry of the ruling and provide an affidavit setting forth, among other things, "new or different facts and circumstances" which previously did not exist at the time the previous motion was filed. *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Courts "should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Hydranautics*, 306 F. Supp. 2d at 968 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). A party seeking reconsideration may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

Plaintiff has not presented any newly discovered facts or intervening changes in the controlling law. *See generally* Mot. Instead, Plaintiff argues that the Court committed clear error in granting Defendant's Motion for Summary Judgment as to Defendant Pasha. *Id.* Plaintiff, however, raises the "same arguments, facts and case law" that this Court already considered—twice—which is insufficient grounds to grant reconsideration. *See Wargnier v. National City Mortg. Inc.*, No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court). The Court therefore **DENIES** the Plaintiff's Motion to Reconsider.

**IT IS SO ORDERED.**

Dated: April 20, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge